UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| EDWARD L. TOLLIVER, JR., )<br>    Plaintiff, )<br> )<br>    v. )<br> )<br>UNITED STATES STEEL )<br>CORPORATION a/k/a U.S. STEEL )<br>a/k/a UNITED STATES STEEL, *et al*., )<br>    Defendants. ) | CAUSE NO.: 2:22-CV-11-JEM |

**OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings [DE 12] filed on March 15, 2022. Plaintiff, who is proceeding *pro se*, has not filed a response and the time to do so has expired.

**I.    Background**

On January 19, 2022, Plaintiff filed his Complaint, in which he asserts that Defendants, his employer, his employer's CEO, General Manager, and Labor Relationship Representative, retaliated against him on July 17, 2019, for filing an EEOC Charge in 2016 and that the workplace became hostile. Plaintiff named as defendants United States Steel Corporation ("USS"), USS's President and CEO David B. Burritt, USS's General Manager Daniel M. Killeen, and Labor Relations Representative Ken Bauer. Although not specifically identified, it appears the claims would be brought pursuant to the Americans with Disability Act and/or Title VII. Plaintiff also referenced taking time off in July 2019 for medical reasons, and therefore may also be asserting a claim under the Family Medical Leave Act. Defendants filed their Answer, Defenses, and Counterclaim[1] to the

---
[1] Although Defendants called the pleading Answer, Defenses, and Counterclaim, there is no Counterclaim pleaded.

1

Complaint on March 15, 2022.

The parties consented to have this case assigned to a United States Magistrate Judge to conduct all further proceedings and to order the entry of a final judgment in this case. Thus, this Court has jurisdiction to decide this case pursuant to 28 U.S.C. § 636(c).

## II.  Standard of Review

Federal Rule of Civil Procedure 12(c) provides that "[a]fter the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The Court applies the same standard to a motion for judgment on the pleadings under Rule 12(c) as is used to determine motions to dismiss for failure to state a claim under Rule 12(b)(6). *See Guise v. BWM Mortg., LLC*, 377 F.3d 795, 798 (7th Cir. 2004). When addressing a motion for judgment on the pleadings, the Court must "view the facts in the complaint in the light most favorable to the nonmoving party and will grant the motion only if it appears beyond doubt that the plaintiff cannot prove any facts that would support his claim for relief." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998)) (internal quotations omitted). When ruling on a 12(c) motion, the Court considers only the pleadings, which "include the complaint, the answer, and any written instruments attached as exhibits." *N. Ind. Gun & Outdoor Shows*, 163 F.3d at 452.

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint and not the merits of the suit. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on such a motion, the Court accepts as true all of the well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn therefrom. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007); *see also Tamayo v. Blagojevich*, 526 F.3d 1074, 1082 (7th Cir. 2008).

To survive a 12(b)(6) motion to dismiss for failure to state a claim or a 12(c) motion for judgment on the pleadings, the complaint must first comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), such that the defendant is given "fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). Second, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570); *see also Tamayo*, 526 F.3d at 1082. The Supreme Court explained that the "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (quotation marks and brackets omitted); *see also Iqbal*, 556 U.S. at 678-79; *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). The Seventh Circuit Court of Appeals has explained that "[t]he complaint 'must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level.'" *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012) (quoting *Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Serv., Inc.*, 536 F.3d 663, 668 (7th Cir. 2008)). In order "[t]o meet this plausibility standard, the complaint must supply enough fact to raise a reasonable expectation that discovery will reveal evidence supporting the plaintiff's allegations." *Indep. Trust Corp.*, 665 F.3d at 934-935 (quoting *Twombly*, 550 U.S. at 556) (quotation marks omitted). Additionally, "each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1).

**III.   Analysis**

The gravamen of Plaintiff's Complaint is that in July 2019, Defendants retaliated against him for filing an EEOC action in 2016, which the parties settled in November 2016; that his workplace

became hostile in July 2019; and that he was punished for taking time off for FMLA leave in July 2019. Defendants argue that that Plaintiff's Complaint fails because 1) there is no right to recover under Title VII or the ADA against individual Defendants; 2) Plaintiff failed to exhaust his administrative remedies under Title VII or the ADA as to his retaliation claim; 3) the time gap between the filing of the 2016 EEOC charge and the 2019 purported retaliation is too distant as a matter of law; 4) the retaliatory conduct by co-workers in 2019 is not connected to any protected activity; 5) all 2016 events have been resolved; and 6) any FMLA claim is time barred. The Court will address each argument in turn.

### A. Individual Employees as Title VII or ADA Defendants

Title VII of the Civil Rights Act prohibits retaliation by an employer against a person engaging in protected activity, i.e., reporting harassment. 42 U.S.C. § 2000e3-(a). The Americans with Disabilities Act of 1990 ("ADA") similarly prohibits retaliation. 42 U.S.C. § 12203. Neither Title VII nor the ADA includes individual employees within their definition of "employer" and therefore individual employees cannot be sued. *Lovett v. Steak N'Shake*, (holding that a supervisor cannot be held liable in his individual capacity under either Title VII or the ADA) (citing *EEOC v. AIC Sec. Investigations, Ltd.*, 55 F.3d 1276, 1282 (7th Cir. 1995); *Silk v City of Chicago*, 194 F.3d 788, 797 n. 5 (7th Cir. 1999) (noting that the ADA provides only for employer liability, not individual liability). Plaintiff has therefore failed to state a viable claim for retaliation against the individual defendants.

### B. Exhaustion of Remedies

Plaintiff claims that he was retaliated against for filing an EEOC charge in 2016. Plaintiff also filed a 2019 EEOC charge in which he claimed he was discriminated against based on the ADA. Title VII and the ADA require that a complaining employee must file their charges administratively before bringing a federal suit. 42 U.S.C. § 2000e-5. Defendants argue that Plaintiff has failed to exhaust his

administrative remedies for the July 2019 discipline. They argue that the 2019 action occurred after the 2016 EEOC charge was settled and that even if it could be considered to have been part of that charge, Plaintiff failed to make any retaliation claim in the 2019 EEOC charge. Defendants further argue that the July 2019 discipline constitutes a new theory of discrimination from Plaintiff's 2016 EEOC charge for Title VII discrimination, settled in November 2016, or his 2019 EEOC charge for ADA discrimination, and therefore it may not be raised now in court. *See Wormley v. City of Chicago*, No. 08 C 5903, 2009 U.S. Dist. LEXIS 14522, *3 (N.D. Ill. Feb 25, 2009) (retaliatory discharge occurring 20 months after filing of EEOC charge requires exhaustion of administrative remedies); *Beal v. Muncie Sanitary Dist.,* No. 1:19-cv-01506-TWP-TAB, 2020 U.S. Dist. LEXIS 196381, at *18-19 (S.D. Ind. Oct. 22, 2020) ("[A] plaintiff is barred from raising a claim in the district court that had not been raised in his or her EEOC charge unless the claim is reasonably related to one of the EEOC charges and can be expected to develop from an investigation into the charges actually raised.") (quoting *Riley v. City of Kokomo*, 909 F.3d 182, 189 (7th Cir. 2018)). Since Plaintiff has not made an EEOC charge of retaliation, he has failed to exhaust his administrative remedies for his allegation that the 2019 discipline was retaliation for the 2016 EEOC charge.

### C. Three Year Gap between Protected Activity and Retaliation

Because Plaintiff has failed to exhaust his administrative remedies on the retaliation claim, the Court need not address Defendants' other arguments for why judgment on that claim is appropriate.

### D. Connection Between Plaintiff's Protected Activity and Co-workers' Conduct

Plaintiff alleges that his workplace became hostile in 2019 when co-workers turned off toilets and splashed bleach in an area he was cleaning, causing a combustion. He asserts that these actionswere done in retaliation for his 2016 EEOC discrimination claim. As Defendants argue, these

5

acts of co-workers, three years after Plaintiff's 2016 EEOC charge, are "well beyond the time that would allow a reasonable jury to conclude" a causal connection between the co-workers' conduct and the charge. *Carmody v. Bd. of Trs. Of Univ. of Ill.*, 747 F.3d 470, 480 (7th Cir. 2014). Plaintiff has not pleaded any facts to establish any connection between the two events, including whether the co-workers knew of the 2016 EEOC charge, or any other nexus between the two events. Accordingly, Plaintiff has failed to state a claim for hostile workplace and judgment on the pleadings in Defendants' favor on this claim is appropriate.

### E.  2016 EEOC Charge was Settled

Plaintiff and Defendant USS settled the 2016 EEOC charge in November 2016. Defendant argues that any claims Plaintiff now makes arising out of to the 2016 events are therefore barred. If a party releases claims, and later repleads them, the other party is entitled to judgment on the pleadings. *Yassan v. J.P. Morgan Chase & Co.*, 708 F.3d 963, 975 (7th Cir. 2013). Plaintiff has pleaded that the parties settled all of his 2016 EEOC claims. Defendants are therefore entitled to judgment on the pleadings on those events and claims.

### F.  FMLA Claim

Plaintiff may be asserting a claim that he was wrongly denied FMLA leave. Defendants argue that any FMLA leave claims are time-barred as they were brought more than two years after the denial of FMLA leave. Plaintiff took time off in July 2019, for which he was disciplined on July 17, 2019.). This discipline formed the basis for Plaintiff's 2019 EEOC charge of ADA discrimination. The statute of limitations—the time period in which suits brought be brought for violations of the FMLA—is two years, unless the action is alleged to have been willful. 29 U.S.C. 2617(c)(1). Plaintiff makes no allegations in his Complaint that Defendants' discipline was a willful violation of the FMLA, instead his allegations relate to it being a violation of the ADA. Therefore, Defendants are entitled to

judgment on the pleadings in their favor on any non-willful FMLA claim asserted by Plaintiff. *See Marmarchi v. Univ. of Ill.*, Case No. 16-cv-2326, 2017 U.S. Dist. LEXIS 186396, *6 (C.D. Ill. March 13, 2017) (dismissal proper of FMLA claims brought more than two years after incident).

### IV. Conclusion

For the foregoing reasons, the Court hereby **GRANTS** Defendants' Motion for Judgment on the Pleadings [DE 12] and **DISMISSES** Plaintiff's Complaint against Defendants Burritt, Killeen, and Bauer with prejudice and against Defendant United States Steel Corporation without prejudice. The Court **ORDERS** that any motion for leave to amend the Complaint must be filed by July 6, 2022.

SO ORDERED this 7th day of June, 2022.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record
      Plaintiff Tolliver, *pro se*